IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD LOPES dba SPACE BALLS | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No: |
| | ) | 1:03CV 2036 |
| v. | ) | |
| | ) | |
| | ) | Honorable Judge Wells |
| INTERNATIONAL RUBBER DISTRIBUTORS, INC. | ) | |
| | ) | |
| | ) | |
| and | ) | |
| | ) | |
| IVAN R. VERNON | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATEMENT OF UNDISPUTED FACTS FOR
PURPOSES OF PRELIMINARY INJUNCTION HEARING**

Pursuant to the Court's Scheduling Order on Plaintiff's Motion for a Preliminary Injunction Hearing, the parties hereby submit their Joint Statement of Undisputed Facts for purposes of the hearing.

**UNDISPUTED FACTS**

A.   **Procedural History**

1.   A related case was originally filed on June 3, 2003, in Mr. Lopes' home district in the Eastern District of California. Mr. Lopes also filed his Motion for Preliminary Injunction in the California District Court on that date. That case was entitled *Richard Lopes dba Space Balls vs. International Rubber Distributors, Inc and Senthil*

*Muruganathan*, Case No.: CIV-F-03-5741 REC/DLB.

2.  In June, 2003, Defendant International Rubber Distributors, Inc., hereinafter ("IRD"), moved to dismiss the case for lack of jurisdiction and venue.

3.  On August 25, 2003, the Eastern District of California granted IRD's motion to dismiss the case for lack of jurisdiction. The Eastern District of California never reached the merits of Mr. Lopes' Motion for Preliminary Injunction. The Eastern District of California entered an Order in connection with IRD's motion to dismiss. A copy of the Eastern District of California's Order has been submitted to the Court.

### B.  Factual Background

4.  Plaintiff Richard Lopes is the owner of record and named inventor of U.S. Patent No. 5,317,853 ("the '853 patent"). The patent covers his invention of an "expansion joint" for wooden cabinet doors. It does not contain any claim solely directed to rubber balls. Mr. Lopes filed the '853 patent application on September 25, 1989. The '853 Patent and its prosecution history have been submitted to the Court.

5.  Mr. Lopes markets small thermoplastic spheres to cabinetmakers. He sells these balls under a federally registered trademark, SPACE BALLS®, U.S. Trademark Registration No. 2,515,209. The goods specified in this registration are "resilient, compressible, thermoplastic rubber in spherical form for use as a structural component of wood cabinet doors."

6.  The '853 patent and SPACE BALLS® product relate to the manufacture of what are known as center panel cabinet doors. This type of door is commonly found on home kitchen and bathroom cabinets. They have a solid wood central panel surrounded by a frame. The horizontal frame pieces are called "rails," and the vertical pieces are called

"stiles." The rails and stiles have an interior groove that holds the central panel in place.

7. The Lopes' '853 patent covers an expansion joint and includes an independent Claim 1 and dependent Claims 2-5.

8. Independent Claim 1 recites the following:

> 1. An expansion joint in a wooden door having a frame surrounding a center panel comprising:
>
> said frame having a groove about the interior thereof,
>
> a tonque (sic) forming at least a portion of the edge of said panel and which extends into said groove for a distance that is smaller than the depth of said groove, portions of said tongue that are outside of said groove being proportioned for entry into said groove in the event of expansion of said panel, and
>
> a plurality of spheres of limitedly compressible resilient material disposed in said groove in spaced relation thereabout and being dimensioned to be partially compressed between said frame and panel during assembly of said door,
>
> whereby said spheres continue to engage said frame and panel during expansion and contraction thereof.

9. Dependent Claim 3 recites: "The expansion joint of claim 1 further defined by said spheres being formed of plastic or rubber and having a hardness in the range of 32-55 durometer."

10. Dependent Claim 5 recites: "The expansion joint of claim 1 wherein said groove has a width that is smaller than the diameter of said spheres when said spheres are in an uncompressed condition."

11. The '853 Patent has been the subject of four prior infringement lawsuits. In three of these suits, consent judgments were entered. No court has ever entered judgment after trial or dispositive motion on the merits of the validity of the '853 patent. Copies of these

judgments have been submitted to the Court.

12. Around March 20, 2003, an IRD employee telephoned Mike Allen of Custom Service Hardware and told him that IRD was selling "space balls" at a competitive price.

13. The IRD employee learned of Custom Service Hardware through an internet search.

14. On or about March 20, 2003, IRD sent Mike Allen of Custom Service Hardware a written communication stating that IRD was "sending you the samples of our Space balls (5000#) along with our best possible quote" and they shipped the 5000 pieces. On or about March 20, 2003, IRD also sent Mike Allen of Custom Service Hardware a written quotation for the product having a price quote.

15. The written "Quotation" offered Custom Service Hardware "Rubber Spaceballs per Thousand" at $3.75.

16. When Mr. Lopes learned of IRD's quotation to Custom Service Hardware, Mr. Lopes had his attorney send IRD a cease and desist letter (dated March 31, 2003) identifying his patent and federal trademark registration.

17. After receiving this letter, IRD sent a letter on or about April 4, 2003 to Mr. Lopes' attorney responding to the Lopes' letter.

18. IRD sold one order of rubber balls to The Nevitt Cabinet Shop of Modesto, California, owned by James Nevitt.

19. IRD took Mr. Nevitt's deposition in August 2003, in connection with Mr. Lopes' then-pending preliminary injunction motion in California. A copy of Mr. Nevitt's deposition transcript has been submitted to the Court.

20. IRD is an importer and wholesale distributor of various rubber and plastic products.

21. IRD's rubber balls are compressible and resilient.

22. IRD has sold approximately $5,000.00 worth of rubber balls.

Dated: January 23, 2004    Respectfully submitted,

*s/Michael James Cronen(by consent)*
Michael James Cronen
LAW OFFICES OF HARRIS ZIMMERMAN
1330 Broadway, Suite 710
Oakland, CA  94612
telephone:    510.465.0828
facsimile:    510.465.2041
e-mail:    mcronen@zimpatent.com

Wayne D. Porter, Jr.
RANKIN, HILL, PORTER & CLARK LLP
700 Huntington Building
925 Euclid Avenue
Cleveland, Ohio  44115-1405
telephone:    216.566.9700
facsimile:    216.566.9711
e-mail:    info@rankinhhill.com

*Attorneys for Plaintiff*


RENNER, OTTO, BOISSELLE & SKLAR, LLP

*s/Todd R. Tucker*
Jay R. Campbell (0041293)
Todd R. Tucker (0065617)
John J. Del Col (0069777)
RENNER, OTTO, BOISSELLE
 & SKLAR, LLP
1621 Euclid Avenue, Suite 1900
Cleveland, OH 44115
telephone:    (216) 621-1113
fasimile:    (216) 621-6165
e-mail:    jcampbell@rennerotto.com
    ttucker@rennerotto.com
    jdelcol@rennerotto.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23rd, 2004, a copy of foregoing JOINT STATEMENT OF UNDISPUTED FACTS FOR PURPOSES OF PRELIMINARY INJUNCTION HEARING was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

<u>s/Todd R. Tucker</u><br>
<i>An Attorney for Defendants</i>